# Appendix A

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FRANK WARREN ANDERSON, a/k/a FRANK
NITTY, a/k/a NITTY,

Defendant-Appellant.

UNPUBLISHED
December 28, 2006

No. 263035
Kalamazoo Circuit Court
LC No. 04-002273-FC

Before: O'Connell, P.J., and White and Markey, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of four counts of armed robbery, MCL 750.529, three counts of felon in possession of a firearm, MCL 750.224f, and three counts of possession of a firearm during the commission of a felony, MCL 750.227b. For the armed robbery convictions, the trial court sentenced defendant to 427 months to 55 years' imprisonment for one of the convictions, and to 337 months to 50 years' imprisonment for each of the remaining three convictions. The trial court sentenced defendant to 57 months to ten years' imprisonment for each of the felon in possession of a firearm convictions. Those sentences, to be served concurrently, are consecutive to defendant's two-year sentences for each felony-firearm conviction. The trial court sentenced defendant as an habitual offender, third offense, MCL 769.11. Defendant appeals as of right, and we affirm.

Defendant's convictions stem from three different robberies. On November 13, 2004, Howard's party store was robbed at gunpoint while two employees were inside. On November 23, 2004, a pizza delivery man was robbed while delivering a pizza to an apartment complex. And, on the evening of November 28, 2004, the Rich Gas Station was robbed while one employee was working.

I

Defendant argues that he was denied the effective assistance of counsel. Our review is limited to mistakes apparent on the record because no evidentiary hearing was held. *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002). Effective assistance of counsel is presumed, and the defendant has a heavy burden of proving otherwise. *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). The attorney's performance must have been "objectively unreasonable in light of prevailing professional norms," and "but for the attorney's

-1-

error or errors a different outcome reasonably would have resulted." *People v Harmon*, 248 Mich App 522, 531; 640 NW2d 314 (2001). This Court will not second-guess trial strategy with the benefit of hindsight. *People v Davis*, 250 Mich App 357, 368-369; 649 NW2d 94 (2002).

Defendant first asserts that his trial counsel was ineffective for failing to seek to sever the three unrelated criminal offenses. A motion for severance should have been granted if made by counsel. Nevertheless, there has been no showing that, "but for" the errors in failing to move for separate trials, a different outcome would have reasonably resulted. Defendant's two accomplices testified as to his involvement in each case, and there was eyewitness identification for each separate robbery, although some identifications were stronger than others. It is not reasonably likely that defendant would have been acquitted at separate trials. Moreover, counsel's decision to go forward with all three cases in a single trial may have been a matter of trial strategy. Defendant's defense was one of identity. Casting doubt on the accomplices' testimony may have been more effective where there was a string of crimes. The accomplices had more motivation to lie and identify defendant because of the number of crimes at issue. Matters of trial strategy will not be second guessed. *Davis, supra.* Defendant has not sustained his burden of establishing that counsel's decision not to seek severance was objectively unreasonable and prejudicial. *Harmon, supra.*

Defendant next argues that his counsel was ineffective for failing to challenge suggestive, unreliable out-of-court identifications. "[D]ue process protects the accused against the introduction of evidence of, or tainted by, unreliable pretrial identifications obtained through unnecessarily suggestive procedures." *People v Hickman*, 470 Mich 602, 607; 684 NW2d 267 (2004). The fairness of an identification procedure is evaluated in light of the total circumstances, to determine whether the procedure was so impermissibly suggestive that it led to a substantial likelihood of misidentification. *People v Hornsby*, 251 Mich App 462, 466; 650 NW2d 700 (2002).

Here, considering the totality of the circumstances, the challenged photograph and corporeal lineup procedures were not "irreparably unreliable." Defendant contends that the police improperly suggested to one of the witnesses that the guilty party was in the photograph lineup. However, the evidence does not clearly support this assertion. And, more importantly, the witness, to whom the alleged police comments were made, never made an identification from the photographic lineup. There was no tainted identification because an identification was not made. Additionally, the challenged corporeal lineup was not tainted. Before the lineup, a witness was allegedly led to believe that the police's suspect was included. However, the fact that a witness is told that the perpetrator is in the lineup, standing alone, would not render the lineup unduly suggestive. *People v McElhaney*, 215 Mich App 269, 287; 545 NW2d 18 (1996). The record does not reveal that the lineup was otherwise suggestive in any way. Counsel was not ineffective for failing to challenge the lineup under the circumstances. In reaching our conclusion, we reject defendant's argument that the police likely engaged in other suggestive conduct at both the photographic and corporeal lineups. The argument is based on speculation.

Defendant next claims that his trial counsel rendered ineffective assistance by failing to request a corporeal lineup for witnesses in the Howard's party store robbery. We disagree. "A right to a lineup arises when eyewitness identification has been shown to be a material issue and when there is a reasonable likelihood of mistaken identification that a lineup would tend to resolve." *People v McAllister*, 241 Mich App 466, 471; 616 NW2d 203 (2000). There were two

witnesses to the party store robbery. One identified defendant in a photo lineup and one identified defendant at the preliminary examination and at trial. Defendant has not shown that a corporeal lineup would have resolved any mistaken identifications. In fact, there is a substantial possibility the live lineup would have only strengthened the identifications, which were already bolstered by the accomplice testimony. The decision not to request a corporeal lineup constitutes reasonable trial strategy, which we will not second guess. *Davis, supra.*

Lastly, defendant asserts that his trial counsel was ineffective at casting doubt on the testimony of the two accomplices. Beyond the witness identifications, the accomplices provided the most damaging evidence against defendant. Defendant believes that if his counsel presented more evidence of their lack of credibility, he may have been acquitted. The record reveals that the credibility of both accomplices was sufficiently brought into question. The jury was made aware that both accomplices had a reason to implicate defendant, and that their testimony lessened their sentences for their own charges. Although defense counsel may have been able to do more to impeach the accomplices, we do not conclude that his conduct fell below an objective standard of reasonableness.

II

Defendant next argues that he is entitled to a new trial because he was denied his state and federal constitutional rights to the assistance of counsel at post-arrest corporeal lineups. The trial court denied defendant's motion to suppress on this ground. The constitutional questions relevant to the suppression hearing are questions of law we review de novo. *People v Custer (On Remand),* 248 Mich App 559, 558; 640 NW2d 576 (2001). We review for clear error the trial court's factual findings in a suppression hearing. *Id.* at 559.

The Sixth Amendment, US Const, Am VI, right to counsel attaches "only to corporeal identifications conducted at or after the initiation of adversary judicial proceedings against the accused by way of a formal charge, preliminary hearing, indictment, information, or arraignment." *Hickman, supra* at 605, 607-609.

In this case, defendant was arrested on December 2, 2004, in Battle Creek on an outstanding bench warrant. He was also placed under arrest for the armed robbery of Howard's party store. The next day, December 3, 2004, the live lineup was held for the witnesses from the pizza delivery robbery and the gas station robbery. The three robberies were later consolidated into one felony complaint, and defendant was arraigned on all of the charges that same afternoon, one day after his arrest. Only at this time did the adversarial proceedings commence. At the time of the challenged lineups, defendant was not entitled to counsel. *Hickman, supra.*

Defendant now asserts for the first time on appeal that there was an unnecessary delay between his arrest and his arraignment the following day. This issue is not preserved, and it has no merit. Defendant speculates that the only reason for the delay in arraignment was to create an opportunity to hold corporeal lineups without counsel present. MCR 6.104(A) provides that "unless released beforehand, an arrested person must be taken without unnecessary delay before a court for arraignment . . ." The United States Supreme Court has held that any delay of more than forty-eight hours must be presumed unreasonable. *Riverside Co v McLaughlin,* 500 US 44; 111 S Ct 1661; 114 L Ed 2d 49 (1991). However, a shorter delay may also be unreasonable if it was unnecessary. *Id.,* 500 US at 56. Examples of unreasonable delay are delays for the purpose

of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake. *Id.* In evaluating whether a delay in a particular case is unreasonable, courts must allow a substantial degree of flexibility. *People v Manning*, 243 Mich App 615, 628; 624 NW2d 746 (2000).

Here, the arraignment was within 48 hours, so the delay will only be deemed unreasonable, if it is determined to be unnecessary. Defendant suggests that there was only a delay to allow for a corporeal lineup without counsel, but beyond this bare assertion, there are no facts in the record to support this proposition. Therefore, defendant has demonstrated a plain error requiring reversal.

III

Defendant lastly asserts that he is entitled to resentencing because improper judicial fact-finding increased his authorized maximum sentence. Specifically, defendant argues that the trial court's scoring of three offense variables, through its own judicial fact-finding, increased defendant's minimum sentence range under the legislative guidelines. He argues that the judicial fact-finding violates the rules set forth in *Blakely v Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004). We disagree. In *People v Drohan*, 475 Mich 140, 159-160; 715 NW2d 778 (2006), the Court held that the holding of *Blakely, supra*, does not affect Michigan's indeterminate sentencing scheme.

Affirmed.

/s/ Peter D. O'Connell
/s/ Helene N. White
/s/ Jane E. Markey

-4-