**FILED - GR**
December 17, 2012 1:14 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:__gf__/____ SCANNED BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FRANK WARREN ANDERSON,

Petitioner,                          CASE NO. 08-cv-801

v.                                   HONORABLE   Paul L. Maloney

KENNETH ROMANOWSKI,                  MAGISTRATE JUDGE Joseph G. Scoville

Respondent.
_____/

### PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

Plaintiff, in Pro Per, pursuant to E.D. Mich. LR 72.1(d)(2), objects to United States

Magistrate Judge Joseph G. Scoville Report and Recommendation filed in this matter on

December 4, 2012. According to the Advisory Committee Notes to Fed. R. Civ. Proc. 72 (b), if

no timely objection to a Report and Recommendation is made, the review by the court is only for

clear error. However, if timely objection is made, a de novo review is called for. Furthermore,

the failure to make timely objection to the magistrate's report prior to its adoption may constitute

a waiver of appellate review. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). In

consideration of this and with the knowledge and facts already before this Court, petitioner says

the following:

**THE MAGISTRATE FINDINGS IN HIS REPORT AND RECOMMENDATION
IS IN CONTRARY TO ESTABLISHED FEDERAL LAW.**

The Petitioner here objects to the entirety of the magistrate's report, and urges this court

to set aside that report and recommendation as clearly erroneous or contrary to law. *OPNAD*

*Fund, Inc. v Watson*, 863 F Supp 328 (S.D. Miss 1994)(the district court is required to modify or

set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law).

<strong>CLAIM I:</strong>

**MR. ANDERSON IS ENTITLED TO ANEW TRIAL WHERE DEFENSE COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY: (1) FAILING TO MOVE TO SEVER UNRELATED OFFENSES; (2) FAILING TO CHALLENGE UNRELIABLE AND SUFFESTIVE IDENTIFICATIONS; (3) FAILING TO REQUEST A LIVE LINEUP IN THE HOWARD'S PARTY STORE ROBBERY; AND (4) FAILING TO INTRODUCE EVIDENCE THAT WOULD HAVE SEVERELY DAMAGED THE POSECUTION'S CASE.**

The Michigan Court of Appeals ruling was contrary establish Federal law where it held that the "petitioner's claims of ineffective assistance of counsel were meritless." (R & R, pg. 19). Petitioner submit that the Michigan Court of Appeals applied Strickland v Washington, 466 U.S. 668, 687-88 (1984), to the facts of his case in an objectively unreasonable manner. Campbell v Bradshaw, 674 F 3rd 578, 586-87 (6th Cir. 2012).

Magistrate Judge Joseph G. Scoville Report and Recommendation stated that the "Michigan Court of Appeals applied the appropriate standard under Strickland and accurately analyzed each allegation of attorney error under the standard." (R & R, page 20).

### A. FAILING TO MOVE TO SEVER UNRELATED OFFENSES

Petitioner states that failure of Counsel to move for Severance of trial where the codefendants' separate defenses are antagonistic. The Court in *Zafiro v United States*, 506 US 534, 539; 113 S Ct 933; 122 L Ed 2d 317 (1993), held that the appropriate standard for evaluating a motion for severance is that of "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." A defendant who is prejudiced by improper joinder with a codefendant has been denied the due-process right to a fair trial. US Const, Amends V, XIV;

Const 1963, art 1, sec 17.

This is precisely the danger that concerned Justice Stevens in his concurrence in *Zafiro*: "Joinder may introduce what is in effect a second prosecutor into a case, by turning each codefendant into the other's most forceful adversary. . . . [which] is particularly troublesome because the defense counsel are not always held to the limitations and standards imposed on the government prosecutor." *Zafiro*, 506 US at 544 (internal citations omitted).

## B. FAILING TO CHALLENGE UNRELIABLE AND SUGGESTIVE IDENTIFICATIONS

The failure of defense counsel to move for suppression of inadmissible evidence may amount to ineffective assistance of counsel, where defense counsel's failure affected the outcome of the trial. See *Northrop v Trippett*, 265 F3d 372 (CA 6, 2001) (Fourth Amendment violation).

Turning to the underlying issue, pretrial identification procedures that are "unnecessarily suggestive and conducive to irreparable mistaken identification" violate the Due Process Clause of US Const, Am XIV. In *Stovall v Denno*, 388 US 293, 302 (1967), the United States Supreme Court stated: "The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned." The presentation of a single suspect to an eyewitness for possible identification has been called "the most grossly suggestive identification procedure now or ever used by the police." P. Wall, Eye-Witness Identification in Criminal Cases 28 (1965).

The Court in *Simmons v United States*, 390 US 377 (1968), pointed out that the danger of misidentification is great when the police show a witness only one photograph or tell the witness that the suspect is in the lineup. Even when the witness is not told that the suspect is in custody,

the witness will naturally assume that he is by the very fact that the police have requested the witness to view a lineup:

> "The identification procedure, although seemingly free from influence, can still impart subtle suggestion and affect the witness' judgment and subsequent selection of a participant as 'the criminal..' The witness may feel that the police would not ask him to view a lineup unless they felt that they had the culprit. He may also feel an obligation to reward the police for their effort by selecting a participant as the 'guilty party.' The question in the witness' mind may then become, 'which one of the participants is he?' rather than, 'Is the criminal in the lineup?' " Note, Pretrial Identification Procedures -- Wade to Gilbert to Stovall: Lower Courts Bobbie and Ball, 55 Minn L Rev 779, 795 (1971). (Footnote omitted).

Here, the Police improperly suggested to one of the witnesses that the guilty party was in the photograph lineup. The dangers inherent in eyewitness identification by a witness who has been exposed to suggestive identification procedures have long been recognized. Due process is denied when identification procedures used are unnecessarily suggestive and conducive to irreparable misidentification. United States v Wade, 388 US 21; 87 S Ct 1926; 18 L Ed 2d 1149 (1967); Stovall v Denno, 388 US 293, 299; 87 S Ct 1976; 18 L Ed 2d 1199 (1967).

An identification procedure will be set aside as impermissibly suggestive when it can give rise to a substantial likelihood of misidentification. Simmons v United States, 390 US 377, 384; 88 S Ct 967; 19 L Ed 2d 1247 (1968); Neil v Biggers, 409 US 188, 198; 93 S Ct 375; 34 L Ed 2d 401 (1972). After a witness has been subjected to an unduly suggestive identification procedure, any subsequent identification by the witness is not admissible unless the prosecution can show by clear and convincing evidence that such identification has a basis independent of the prior identification procedure. Gilbert v California, 388 US 263; 87 S Ct 1951; 18 L Ed 2d 1178 (1967).

## C. FAILING TO REQUEST A LIVE LINEUP IN HOWARD'S PARTY STORE ROBBERY

Counsel also acted ineffectively in failing to request a supervised corporeal lineup for the Howard's Party Store robbery. The identification and lack thereof by Mr. Parce and Ms. Stover were certainly the weakest of the three cases. Mr. Parce did not make an identification at trial and Ms. Stover failed to make a photo array identification, while admitting to watching a gunman whose face was obscured by a scarf and hooded sweatshirt. It is not surprising that of the three cases, this is the only one where police officers did not set up a post-arrest corporeal lineup.

A lineup is appropriate when the eyewitness identification is a material issue and there is a reasonable likelihood of mistaken identification. States v Wade, 388 U.S. 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967). Mr. Parce and Ms. Stover's testimony certainly fit this criteria. Given their description of the gunman and the robbery, Ms. Stover's failure to identify in the photo array, and Mr. Parce's failure to identify at trial, it is quite likely that neither would have picked Mr. Anderson in a properly supervised post-arrest corporeal lineup. No strategy could explain this deficient performance and counsel's failure to make this motion is prejudicial. The jury would likely have acquitted Mr. Anderson of the Howard's Party Store robbery if counsel had successfully shed more doubt on the identifications of Ms. Stover and Ms. Parce, through the use of a live lineup.

In United States v Caldwell, 465 F2d at 671, the Court found that the trial court erred in giving controlling weight to the inconvenience to the identifying witnesses, without properly balancing with it the fact that identification was material and there existed a

reasonable likelihood of a mistaken identification, which a lineup could help resolve. Similar reasoning could be applied here.

### D. FAILURE TO INTRODUCE EVIDENCE

Defense counsel failed to take advantage of opportunities to impeach Gardner-Bey and Travier for their prior convictions and further motivation to fabricate evidence. Tyrone Gardner-Bey's Department of Corrections extract reveals parole status for unlawfully driving away an automobile and breaking and entering with intent at the time of these offenses. Similarly, Adrian Travier was on parole status for escape, burning a dwelling house, and breaking and entering with intent at the time of these offenses.

It is admissible for the defense to explore a claim of bias through cross-examination of a witnesses' status as a probationer or parolee. Davis v Alaska, 415 US 308; 94 S Ct 1105(1974). In Davis, the United States Supreme Court found that a jury should analyze the "inference of undue pressure," affecting the account of a witness who happened to be on probation at the time of an identification. Supra, 415 US at 318. Like the eyewitness in Davis, Travier and Gardner-Bey might well have exhibited a bias to tell the investigating officers what they wanted to hear. In other words, Gardner-Bey and Travier might have lied because they feared the consequences to their parole status.

### CUMULATIVE ERRORS

Defense counsel committed numerous errors that rendered his assistance deficient and prejudiced Mr. Anderson's defense to the extent that he was denied a fair trial. These errors, explained above, are serious enough that each standing alone constituted

ineffective assistance of counsel. <u>See</u> <u>Kimmelman</u> v <u>Morrison,</u> 477 US 365, 383, 106 S

Ct 2574, 2587 (1986) (noting that "a single, serious error may support a claim of

ineffective assistance of counsel").

In the alternative, the cumulative effect of the numerous errors committed by

defense counsel deprived Mr. Anderson of a fair trial. <u>See</u> <u>Blackburn</u> v <u>Foltz,</u> 828 F2d

1177, 1186 (CA 6, 1987). Clearly, the State of Michigan ruling was in violation of

established Federal Law.

## CLAIM II

### MR. ANDERSON IS ENTTITLED TO A NEW TRIAL WHERE HE WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE ASSISTANCE OF COUNSEL AT THE POST-ARREST CORPOREAL LINEUP.

The Michigan Court of Appeals ruling was contrary establish Federal law where they

held that the "Petitioner did not have a right to counsel at the challenged lineup." (R & R, pg.

14).

The right to counsel attaches "only at or after the time that adversarial judicial

proceedings have been initiated." <u>Kirby</u> v <u>Illinois,</u> 406 US 682, 688 (1972). In <u>United States</u> v

<u>Wade,</u> 388 US 218 (1967), the Court stating in its holding that:

> "Once adversary judicial proceedings have been initiated, a defendant's right to counsel extends to every 'critical stage' of the prosecution, i.e., **every stage where the accused is confronted,** just as at trial, by the procedural system, or by his expert adversary, or by both. (Citation omitted). In short, **the Sixth Amendment right to counsel guarantees the assistance of counsel at all stages of a prosecution where counsel's absence might derogate from the accused's right to a fair trial."**

Clearly, the Petitioner was being confronted and the Sixth Amendment right to counsel guarantees assistance at all stages of a prosecution. Where counsel was absence, the Petitioner was denied his right to a fair trial in violation of the Sixth Amendment.

**RELIEF REQUESTED**

For these reasons, Petitioner's ask that this Court overrule the Magistrates objections and grant the Petition for Writ of Habeas Corpus.

Respectfully submitted,

Frank Warren Anderson #453217
In Pro Per
Macomb Correctional Facility
34625 26 Mile Rd
New Haven, MI 48048

Dated: December 13, 2012