UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK WARREN ANDERSON, #453217,  )
        Petitioner,  )
)    No. 1:08-cv-801
-v-  )
)    HONORABLE PAUL L. MALONEY
KENNETH ROMANOWSKI,  )
        Respondent.  )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the Court on Frank Anderson's petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The Magistrate Judge issued a report (ECF No. 44) recommending the petition be denied for lack of merit on all grounds. Petitioner Anderson timely filed objections. (ECF No. 45.)

A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## ANALYSIS

**CLAIM 1.**

Anderson asserts counsel was constitutionally ineffective for four reasons and also argues that the cumulative errors amount to ineffective assistance of counsel.  The Michigan Court of Appeals addressed each of the four arguments, finding no constitutional violations.  The Magistrate Judge deferred to the findings of the Michigan court and concluded that the decisions of trial counsel fell within the realm of strategic choices and that Anderson could not establish prejudice from those alleged errors.  Anderson reiterates the arguments he presented earlier on this Claim.  Anderson has not demonstrated that the strategic choices of counsel were so unprofessional as to render the entire proceeding fundamentally unfair.  Beyond Anderson's speculation about how the jury would have evaluated the evidence, Anderson has not demonstrated that, but for the alleged errors, the outcome would have been different.  This is not a situation where a single identification or an isolated piece of evidence was the lynchpin of his conviction.  Therefore, this portion of the R&R is **ADOPTED** over objections, as the opinion of this Court.

**CLAIM 2.**

Anderson argues his State and Federal Constitutional rights were violated when he was not represented by counsel at his post-arrest corporeal lineup.  This argument was rejected by the trial court, the Michigan Court of Appeals, and by the Magistrate Judge.  The constitutional right to counsel does not begin until a prosecution is commenced; the initiation of adversary judicial criminal proceedings by a formal charge, preliminary hearing, indictment, information, or arraignment.  *Rothgery v. Gillespie Cnty., Texas*, 554 U.S. 191, 198 (2008).  At the time identified by Anderson, his prosecution had not yet commenced.  Accordingly, he has not established the

violation of any constitutional right. This portion of the R&R is **ADOPTED**, over objections, as the opinion of the Court.

**CLAIMS 3 AND 4.**

Anderson alleged four claims in his petition. Although the third and fourth claims were not exhausted, the Magistrate Judge elected to address each claim on the merits. Anderson did not object to the Magistrate Judge's analysis or recommendations concerning the third and fourth claims.[1] Accordingly, that portion of the R&R is **ADOPTED** as the opinion of this Court.

**CERTIFICATE OF APPEALABILITY**

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

The Court has reviewed the record for the purpose of deciding whether to issue a certificate

---

[1] Anderson also "objects to the entirety of the magistrate's report." (R&R 1 PgID 219.) "'General objections to the entirety of the magistrate's report has the same effects as would a failure to object.'" *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

of appealability. The Court finds reasonable jurists would not disagree with the sound conclusions in the R&R, adopted as the opinion of this Court. Anderson's failure to object to the recommendations concerning Claims 3 and 4 waives any appeal of those issues. The United States Supreme Court has definitively rejected Anderson's second claim. As to his first claim, reasonable jurists might disagree with the choices counsel made. However, those jurists would not disagree that those choices were, nevertheless, strategic choices which are entitled to deference. Also, reasonable jurists would agree that Anderson has not demonstrated the necessary prejudice from those alleged errors by counsel. The cumulative evidence against him at trial overwhelms any individual error that might have occurred.

For these reasons, the Report and Recommendation (ECF No. 44) is **ADOPTED** as the opinion of this Court. Anderson's petition for writ of habeas corpus is **DENIED.** The Court **DENIES** a Certificate of Appealability. **IT IS SO ORDERED.**


Date: December 18, 2012  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge